### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-08-1165-M |
| ) | |
| GRANITE STATE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

### **ORDER**

Before the Court is Defendant Granite State Insurance Company's Motion to Quash Plaintiff's Subpoena Duces Tecum Propounded Upon Goolsby Heefner & Gibbs P.C. and Brief in Support [docket no. 40], filed June 15, 2009. On July 2, 2009, plaintiff filed her response, and on July 15, 2009, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiff commenced this action alleging bad faith by defendant during its handling of a claim arising from an automobile accident which occurred on or about December 12, 2003. On June 8, 2009, plaintiff issued a subpoena duces tecum to attorney R. Todd Goolsby and his law firm Goolsby, Proctor, Heefner & Gibbs, P.C. (collectively referred to as "Goolsby") commanding the production of:

1. Any and all documents in your possession relating to the handling, investigation and/or claim evaluation of the underinsured motorist claim of Deborah Nelson with Granite State Insurance Company.

2. Any and all documents provided to Granite State Insurance Company, its agents and attorneys which relate in any way to the underinsured motorist claim of Deborah Nelson with Granite State Insurance Company.

> 3. Any and all billing statements, and invoices submitted to Granite State Insurance Company, or affiliated companies relating to your work on the underinsured motorist claim of Deborah Nelson.

Response, Exhibit 1, at 1. Defendant now moves to quash the subpoena on the basis that the information sought is protected under the attorney-client privilege and the work product doctrines.

Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii), the Court may quash or modify a subpoena which requires disclosure of privileged or other protected matter, if no exception or waiver applies. As Rule 26(b)(3)(A) provides, "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)" unless the evidence is discoverable under Rule 26(b)(1) or there is a substantial need and plaintiff cannot obtain the evidence without undue hardship.

In this case, defendant asserts that the information sought by subpoena is protected under the attorney-client privilege and the work product doctrines. Specifically, defendant states that Goolsby was hired on February 27, 2008 to defend defendant in the underlying state court action wherein plaintiff sued defendant for uninsured motorist benefits. As such, defendant contends the Goolsby file which plaintiff now seeks is replete with materials related to its defense, and was created in anticipation of litigation.

In response, plaintiff counters that the attorney-client privilege only applies to communications, not the underlying facts uncovered by an attorney and/or relayed to defendant by an attorney. Further, plaintiff asserts that the information sought is not protected from discovery under the work product doctrine because it concerns tasks which fall within the ordinary course of an insurer's business of adjusting claims. Plaintiff further contends that defendant waived any

privilege it may have when it produced part of a letter summarizing the deposition testimony of one of the at-fault drivers in the underlying car accident.  Plaintiff also states that she has a substantial and overwhelming need for production of the Goolsby file.  Without it, plaintiff contends she will not know all the information defendant used, considered and relied upon in denying her claim.  Finally, plaintiff observes that Goolsby's billing statements for their work would not have been prepared in anticipation of litigation or made for the purpose of giving legal advise.  As such, plaintiff asserts this information is discoverable.

Having reviewed the parties' submissions, the Court finds that information sought by subpoena was prepared in anticipation of litigation and/or during active litigation, and is therefore, not subject to discovery under Rule 26(b)(3)(A).  It is clear that Goolsby was hired both in anticipation of litigation, and to defend defendant in the state court litigation.  To the extent that they gathered various medical records, documents and information to advise defendant concerning legal matters in the state court lawsuit, the Court finds this information and Goolsby's activities in defense of defendant are certainly protected by attorney-client privilege and the work product doctrines.

The Court further finds that Goolsby's billing records and statements are not subject to discovery, because the information sought is irrelevant and/or contains descriptions showing privileged matters (*e.g.*, subject matter of conversations, litigation strategy notations and other work product notations) which should be protected from disclosure.

To the extent that plaintiff asserts her entitlement to the Goolsby file based upon the performance of the ordinary tasks of an insurance company, as a claims handler, the Court finds "one who prepares a document in anticipation of litigation is not acting in the regular course of business."  *Timberlake Constr. Co. v. U.S. Fid. & Guar. Co.*, 71 F.3d 335, 342 (10th Cir. 1995).

Having found that the Goolsby file was prepared in anticipation of litigation, the Court finds the information sought is protected from discovery as to this basis.

As it appears that defendant inadvertently produced to plaintiff the single page of a privileged communication, the Court finds that the single inadvertently produced page does not waive defendant's attorney-client privilege as to the claim file at issue because it would fly in the face of the essential purpose of the privilege. *See Chandler v. Denton*, 741 P.2d 855, 865 (Okla. 1987) (holding that the attorney-client privilege, designed to shield the client the client's confidential disclosures and the attorney's advice, is a privilege that belongs to the client and not to the lawyer, and may be waived only by the client); *Jones v. Eagle-North Hills Shopping Ctr.*, 239 F.R.D. 684, 685 (E.D. Okla. 2007) (holding that privileges are to be taken quite seriously, and should not be blithely disregarded, as when the client is not aware of an inadvertent disclosure because waiving the privilege serves only to punish the innocent).  Therefore, the Court finds the information sought is protected from discovery as to this basis.

The Court also finds that plaintiff has not demonstrated a good cause showing of substantial need for the information sought.  Simply stated, the Court finds there is no undue hardship accruing to plaintiff to substantiate delving into the attorney-client communications of defendant or its counsel's work product.

The Court would note that defendant has no objection to producing the pleadings and discovery responses exchanged in the state court action related to plaintiff.  To the extent the materials are not privileged, the Court finds that plaintiff is entitled to this information.

Accordingly, the Court GRANTS IN PART and DENIES IN PART the instant motion as follows: the Court DENIES defendant's motion to quash as to the pleadings and discovery responses

exchanged in the state court action related to plaintiff, and GRANTS defendant's motion to quash and QUASHES the information sought by subpoena, in all other respects.

**IT IS SO ORDERED this 28th day of July, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE