**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DEBORAH NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-08-1165-M |
| ) | |
| GRANITE STATE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's Motion to Compel Defendant To Produce Its Entire Claim File And Brief In Support [docket no. 52], filed June 29, 2009. On July 17, 2009, defendant filed its response. On September 4, 2009, the Court ordered defendant to submit for *in camera* review the documents identified in its Privilege Log to which it was claiming the attorney-client privilege and work product protection applied. On September 18, 2009, defendant submitted the above-referenced documents. Based upon the parties' submissions, the Court makes its determination.

There are several items listed within the nine pages of defendant's privilege log including: service of process notices, claims management reviews, litigation reports, and specific communications such as letters, notes and emails. Defendant asserts that the attorney-client privilege and/or work product protection apply to these documents.

"[T]he mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege. In order to be covered by the attorney-client privilege, a communication between a lawyer and client must relate to legal advice or strategy sought by the client." *United States v. Johnston*, 146 F.3d 785, 794 (10th Cir. 1998) (internal quotations and citations omitted). Further, under the work product rule, any notes, working

papers, memoranda or similar materials, prepared by an attorney in anticipation of litigation, are protected from discovery.  *See* Fed. R. Civ. P. 26(b)(3).  "To sustain a claim of work product protection, Defendant must demonstrate that the documents at issue were prepared in anticipation of litigation by or for Defendant or by or for Defendant's representative." *Wikel v. Wal-Mart Stores, Inc.*, 197 F.R.D. 493, 495 (N.D. Okla. 2000).

Having carefully reviewed the documents submitted, the Court finds that neither the attorney-client privilege nor the work product doctrine applies to the following documents: Bates numbers 00002-00003, 00055-00056, 00061, 00083-00084, 00444, 00463-00464, 00466-00470, 00538-00541, 00557-00558, 00583-00584, 00599-00602, 00621-00622, 00652, 00767-0768, 00782, 00803-00804, 00843-00844, 00877, 00912, 01165, 01166, 01173, 01182-01186, 01213-01214, 01221, 01124, 01225, 01232, 01235, 01236, 01243, 01245, 01246, 01253, 01275, 01280-01281 and 01404-01425.  Specifically, the Court finds that the above-referenced documents neither involve communications between defendant and its lawyer that relate to legal advice or strategy sought by defendant, nor are the documents notes, working papers, memoranda or similar materials, prepared by an attorney in anticipation of litigation, and none of these entries relate to the merits of the case at bar.

Furthermore, the Court finds that both the attorney-client privilege and the work product doctrine applies to the following documents: Bates numbers 00062-00066, 00069-00070, 00086-00087, 00116-00117, 00154, 00449-00450, 00458, 00460-00462, 00465, 00770-00772-00781, 00948, 00953, 00957-00965, 00982-01072, 01109-01111, 01143, 001144-01151, 01176-01181, 01195-01202, 01209-01210, 01222-01223, 01233-01234, 01244, 01254-01274, 01303-01305, 01332, 01335-01336, 01364-01365, 01382-01392 and 01400.  Specifically, the Court finds that the

above-referenced documents involve communications between defendant and its lawyer that relate to legal advice or strategy sought by defendant, and the documents are notes, working papers, memoranda or similar materials, prepared by an attorney in anticipation of litigation, and these entries relate to the merits of the case at bar.

The Court also finds that the attorney-client privilege applies to the following documents: Bates numbers 00012-00017, 01206-01208 and 01398-01399. The Court finds that the instant documents relate to legal advice or strategy sought by defendant. Because the following documents are notes, working papers, memoranda or similar materials, prepared by an attorney in anticipation of litigation, and these entries relate to the merits of the case at bar, the Court finds that the work product doctrine applies to the following documents: Bates numbers 00460-00462, 01187-01191, 01337-01361, 01366-01368, 01373-01374, 01399 and 01402.

Accordingly, the Court GRANTS IN PART and DENIES IN PART the motion to compel as follows: the Court GRANTS the motion to compel as to the above-referenced documents and ORDERS that defendant produce these documents to plaintiff within ten (10) days of the date of this Order, and the Court DENIES the motion to compel in all other respects.

**IT IS SO ORDERED this 2nd day of October, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

3