# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH NELSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GRANITE STATE INSURANCE COMPANY, )<br>)<br>Defendant. ) | Case No. CIV-08-1165-M |

## ORDER

This matter is set on the Court's March 2010 docket.

Before the Court is Defendant Granite State Insurance Company's Motion to Stay Proceedings, or in the alternative to Trifurcate or Bifurcate, and Brief in Support Thereof [docket no. 123], filed February 17, 2010. On February 22, 2010, plaintiff filed her response. Based upon the parties' submissions, the Court makes its determination.

This bad faith action arises out of a vehicular accident which occurred on December 12, 2003. Plaintiff was driving a bus owned by her employer when two other vehicles driven by Horace Bates and Ralph Adkinson collided. The Adkinson vehicle then scraped the side of the bus driven by plaintiff. Defendant provided a policy of uninsured motorist insurance to plaintiff's employer, under which plaintiff was covered at the time of the accident.

Plaintiff filed suit in state court against Bates and Adkinson and joined defendant during the pendency of that action. Plaintiff reached a settlement with Adkinson and dismissed him with prejudice from that action. Subsequent to Adkinson's dismissal, the entire state court case was dismissed without prejudice, and plaintiff filed the instant case against defendant asserting a claim for bad faith. Plaintiff re-filed a personal injury case against Bates in state court which remains pending at this time.

Defendant now moves the Court for a stay of these proceedings pending resolution of the state court case against Bates, or in the alternative, an order trifurcating the value of plaintiff's claim from the issue of bad fath and from the issue of damages. In the alternative, defendant moves the Court for an order bifurcating the issue of bad faith from the issue of damages.

Inherent in the power of every court to control its docket is the power to stay proceedings in the interest of justice. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The granting of a stay ordinarily lies within the sound discretion of the district court. *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963). However, the burden is on the party seeking the stay to demonstrate there is a pressing need for delay and that the other party will not suffer harm from entry of the stay order. *Ohio Envtl. Council v. United States Dist. Ct., S.D. OH, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). The stay of a case is a discretion that will be used sparingly and only upon a clear showing by the moving party of hardship or inequity so great as to overbalance all possible inconvenience of the delay to his opponent. 1A C.J.S. Actions § 319.

In the instant case, defendant asserts without any supporting legal authority that the best avenue for the determination of whether plaintiff is entitled to receive uninsured motorist benefits from defendant in excess of the tortfeasors' limits is in the context of the personal injury case against Bates, which is pending at this time. However, the Court concludes that defendant has not made a sufficient showing to justify a stay of this action. Defendant's assertions for a stay ostensibly rely upon the basis that the insurance limits of other tortfeasors have not been exhausted. In Oklahoma, however, it is well settled that an uninsured motorist "insurer may not withhold payment to its insured on the sole basis that the liability insurance has not been exhausted." *Mustain v. U.S. Fid. & Guar. Co.*, 925 P.533, 535 (Okla. 1996). Moreover, "[s]ubrogation is a doctrine the law has

devised for the benefit of one secondarily liable who has paid the debt of another." *Id.* at 536. Because responsibility is imposed upon defendant to protect its insured by good faith and fair dealing from and after the time of injury and defendant may not withold payment to its injured insured on the sole basis that some other insurance has not been exhausted, the Court concludes this basis may not serve as a basis for a stay of these proceedings.

Furthermore, the Court finds that defendant's request for stay, offered two weeks before trial, is a delay that would work an undue hardship or inequity upon plaintiff when defendant was free to proffer this request at anytime during the past eighteen months of the pendency of this action. Accordingly, the Court concludes that defendant has not met its burden of establishing good cause to stay the case.

Defendant also moves the Court to trifurcate the value of plaintiff's claim from the issue of bad faith and from the issue of damages. In the alternative, defendant moves to bifurcate the issue of bad faith from the issue of damages.

Pursuant to Federal Rule of Civil Procedure 42(b): "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). The granting of severance lies within the discretion of the Court. 9A Wright & Miller, Fed. Practice & Procedure: Civil § 2388 (3d ed.).

In the instant case, the Court concludes that defendant's motion to trifurcate or bifurcate should be overruled because plaintiff's liability claims are not clearly separable from the issue of damages and bad faith. *See Southwest Stainless, L.P. v. Sappington*, No. 07-CV-0334-CVE-FHM,

2008 WL 1777476 (April 17, 2008 N.D. Okla.) ("Simply because a federal district court may separate a breach of contract claim from a bad faith claim, notwithstanding contrary state law,... does not mean that this Court may bifurcate issues that are not distinctly separable.") (citation omitted).

Furthermore, it appears to the Court that in this case a single trial on all issues raised is more likely to result in a just and final disposition of this already protracted litigation and would tend to lessen delay, expense and inconvenience for all concerned. In contrast, separate stages of trial in this case would result in duplicative presentation of evidence and witnesses and the trial would be longer, thereby increasing the delay, expense and inconvenience for all involved. Accordingly, the Court finds that a single trial on all issues would avoid the possibility of an unnecessary duplication of evidence on the issues of damages and liability.

To the extent defendant suggests that the evidence regarding its handling of the claim might confuse and prejudice the jury and evidence of plaintiff's non-contractual damages will influence the jury's decision on whether plaintiff is entitled to benefits, the Court finds that defendant overstates the risk of possible prejudice by conducting a single trial. Specifically, plaintiff has brought only one claim against defendant - bad faith. Further, defendant does not offer arguments on possible alternatives, such as a limiting instruction as related to its concerns. The Court finds that unfair prejudice would not result if a single trial is conducted.

Accordingly, the Court in its discretion DENIES defendant's motion in its entirety.

**IT IS SO ORDERED this 25th day of February, 2010.**

*[signature: Vicki Miles-LaGrange]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE