# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEBORAH NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-1165-M |
| | ) | |
| GRANITE STATE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is a Motion to Quash Subpoena to Non-Party [docket no. 195], filed March 9, 2010. On March 10, 2010, the Court heard oral arguments from the non-party and defendant in reference to the instant motion. Based upon this submission, and having heard oral arguments in this matter, the Court makes its determination.

On March 9, 2010, at approximately 9:00 a.m., defendant served a subpoena upon a receptionist at the Broadway Medical Clinic intended for Joseph Arden Blough, M.D. ("Dr. Blough"). The subpoena commands Dr. Blough to appear before this Court on tomorrow, March 11, 2010 at 9:00 a.m. and to produce the following documents: (1) a curriculum vitae, (2) the entire file concerning plaintiff, and (3) a copy of every Independent Medical Examination ("IME") conducted on behalf of the Joey Chiaf Law Offices since December 12, 2003.

Dr. Blough asserts that: (1) the subpoena's service was improper, (2) the subpoena fails to allow a reasonable time to comply, (3) the subpoena subjects Dr. Blough to an undue burden, and (4) the documents requested are confidential and privileged. Dr. Blough also requests payment of attorneys' fees.

Dr. Blough first asserts that the subpoena's service was improper because it was delivered to his receptionist at Broadway Medical Clinic. In response, defendant contends that personal

service was not required in this case because Dr. Blough was evading service. "Serving a subpoena requires a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). As there is no dispute as to whether Dr. Blough was personally served, the Court finds that defendant has not met its burden of demonstrating the service of process was effective.

Dr. Blough next asserts that the subpoena fails to allow a reasonable time to comply. Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(I), the Court may quash a subpoena which fails to allow a reasonable time for the subject to comply. Here, the subpoena offers a mere 48 hours of notice to comply. Having reviewed the reasonableness of time as related to the circumstances of this case, the Court finds that defendant has not allowed Dr. Blough, a physician with a full slate of appointments in a busy practice, reasonable time to comply. Critical to the Court's determination is that it appears that defendant could have notified Dr. Blough earlier of the need for him to testify; however, defendant failed to do so until a mere 48 hours in advance. In the hearing, defendant asserted that Dr. Blough may alternatively comply with the subpoena by appearing before the Court on Monday, March 15, 2010. The Court finds, however, that an appearance by Dr. Blough on this coming Monday is no better than his appearance on tomorrow for the reasons proffered above.

Dr. Blough also asserts that the subpoena subjects him to an undue burden. Federal Rule of Civil Procedure 45(3)(A)(iv) provides: "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it subjects a person to undue burden." Independent of the reasonable time requirement, the Court finds that subjecting Dr. Blough to either testimony where he has scheduled appointments or the production of voluminous documents where some of which have questionable relevance works an undue burden upon him. Not only does the document

2

request appear to be overly broad where it requests records as related to Joey Chiaf, the Court finds that the production of such records runs afoul of confidentiality and the Health Insurance Portability and Accountability Act's privacy requirements.

The Court further finds it unreasonable to require Dr. Blough to review of voluminous amounts of records in order to meet the instant production request on 48 hours notice. To comply with the instant subpoena, Dr. Blough would potentially have to cull through thousands of documents to meet a request that is patently unreasonably and unduly burdensome.

In his motion, Dr. Blough further requests that this Court enter an order requiring defendant to pay his attorneys' fees incurred in pursuing the motion to quash the subpoena. Federal Rule of Civil Procedure 45(c)(1) provides:

> ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction-which may include lost earnings and reasonable attorney's fees-on a party or attorney who fails to comply.

Upon review of Dr. Blough's motion, and having heard arguments, the Court finds that defendant should be, and hereby is, ordered to pay Dr. Blough's attorneys' fees incurred in pursuing the motion to quash the subpoena.[1]

---

[1] If Dr. Blough and defendant cannot agree on the amount of attorneys' fees incurred in pursuing the motion to quash the subpoena, they may file an appropriate motion with the Court.

Accordingly, the Court GRANTS the instant motion, QUASHES the instant subpoena.

**IT IS SO ORDERED this 10th day of March, 2010.**

*signature*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE